IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LATOSKI WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL CASE NO. 3:25-cv-818-ECM |
| | ) [WO] |
| CITY OF VALLEY, ALABAMA, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION and ORDER**

Defendants, the City of Valley, Alabama, Leonard Riley, and Reid Riley, move to dismiss Plaintiff's complaint. (Doc. 2). Plaintiff, Latoski Williams, opposes the motion. (Doc. 11). Upon consideration, and for good cause, Defendants' motion is due to be GRANTED in part and DENIED in part.

**I. BACKGROUND**

Plaintiff alleges that on February 19, 2022, Defendants "dismantled and destroyed" his property, including his real property at 371 Crystal Springs Road, Valley, Alabama. (Doc. 1-1 at 9–10, paras. 12–15). He alleges that this was done without notice or a lawful basis. (*Id.* at 10, paras. 16–17 ("[N]o notice of any condemnation proceedings, operations[,] or decision was provided to Plaintiff. . . . The property was in good condition and there was no legitimate basis for it having been condemned under any relevant statute or ordinance.")).

On September 5, 2025, Plaintiff initiated this lawsuit in the Circuit Court of Chambers County, Alabama. (*See generally* doc. 1-1). His complaint lists thirteen counts,

comprised of twelve state law claims (conversion, "quantum meruit/unjust enrichment," "fraud misrepresentation," negligence, wantonness, "outrage/intentional infliction of emotional distress," trespass to land, trespass to personal property, fraudulent transfer of real property, fraudulent transfer of personal property, "malfeasance of the state," and inverse condemnation) and one federal claim ("violation of due process – [42 U.S.C. §] 1983"). (*Id.* at 10–19, paras. 22–77). Defendants timely removed the action to this Court based on federal question jurisdiction over Plaintiff's § 1983 claim. (*See generally* doc. 1). They now move to dismiss Plaintiff's complaint in its entirety. (Doc. 2).

## II. JURISDICTION AND VENUE

The Court has original subject matter jurisdiction over Plaintiff's federal claim under 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367. Personal jurisdiction and venue are uncontested, and the Court concludes that venue properly lies in the Middle District of Alabama. *See* 28 U.S.C. § 1391.

## III. LEGAL STANDARD

In deciding a motion to dismiss for failure to state a claim, a court "accept[s] the allegations in the complaint as true and construe[s] them in the light most favorable to the plaintiff." *Henley v. Payne*, 945 F.3d 1320, 1326 (11th Cir. 2019). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[D]etailed factual allegations" are generally not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

## IV.  DISCUSSION

Defendants argue that all thirteen of Plaintiff's claims are due to be dismissed. (*See* doc. 2).  However, because the Court determines that Plaintiff's federal claim is due to be dismissed with prejudice as time barred, the Court declines to exercise supplemental jurisdiction over his remaining state law claims.

### A.    Due Process—Time Bar

Among other prohibitions, the Fourteenth Amendment forbids states from "depriv[ing] any person of life, liberty, or property without due process of law." U.S. CONST. amend. XIV, § 1.  "Due process has both a procedural and substantive component." *Littlejohn v. Sch. Bd. of Leon Cnty.*, 132 F.4th 1232, 1239 (11th Cir. 2025).  A violation of either may be vindicated under § 1983. *Maddox v. Stephens*, 727 F.3d 1109, 1118 (11th Cir. 2013).

In Count Thirteen, Plaintiff asserts a "violation of due process" pursuant to § 1983. (Doc. 1-1 at 18–19, paras. 74–77).  He alleges that Defendants Reid Riley and Leonard Riley "deprive[d] Plaintiff of his property rights." (*Id.* at 18, para. 76).  Because no other property rights are mentioned, this claim can only refer to Defendants' alleged condemnation of Plaintiff's real property and conversion of personal property therein, which he alleges occurred on February 19, 2022. (*See id.* at 9–10, paras. 12–21).

3

Accordingly, the Court surmises that Plaintiff is attempting to allege a violation of his *procedural* due process rights. *See Lindbloom v. Manatee County*, 808 F. App'x 745, 749 (11th Cir. 2020) (per curiam) ("As a general rule, state-created property rights enjoy no substantive due process protection because they are not fundamental rights protected by the Due Process Clause." (citations omitted)).[1]

"[W]here state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions." *Owens v. Okure*, 488 U.S. 235, 249–50 (1989).  The relevant statute of limitations in Alabama is two years. ALA. CODE § 6-2-38(*l*) ("All actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years."); *see Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) ("[T]he two-year limitations period of Ala[bama] Code § 6-2-38(*l*) applies to [§] 1983 claims in Alabama.").  "The statute of limitations on a [§] 1983 claim begins to run when the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *McGroarty v. Swearingen*, 977 F.3d 1302, 1309 (11th Cir. 2020) (quotation omitted).  "Plaintiffs must know or have reason to know that they were injured[] and must be aware or should be aware of who inflicted the injury." *Id.* (quotation omitted).  Specifically, a procedural due process claim accrues—and the statute of limitations thus

---

[1] Here and elsewhere the Court cites nonbinding authority.  While the Court recognizes that these cases are nonprecedential, the Court finds them persuasive.

begins to run—"when the State fails to provide due process." *Reed v. Goertz*, 598 U.S. 230, 236 (2023) (quotation omitted).

Plaintiff alleges that Defendants deprived him of his property on February 19, 2022, without having provided him with any pre-deprivation notice. (*See* doc. 1-1 at 10, paras. 15–21; *see also* doc. 11 at 3 ("[D]efendants failed to provide notice of any demolition or removal of property prior to destruction or removal . . . .")).  Accordingly, his procedural due process claim accrued the same day.  There is nothing in the complaint that indicates Plaintiff was unaware of the facts underlying his § 1983 claim—that is, the taking of his property without prior notice.  He nevertheless chose not to assert his § 1983 claim until more than three years had passed.

Plaintiff does not appear to contest Defendants' assertion that his federal claim is time barred.  Though he argues that the "statute of limitations has not passed on the claims in this case," he does not cite the two-year statute of limitations applicable to his § 1983 claim. (*See* doc. 11 at 9–11).  Instead, he cites periods that appear to apply to his state law claims. (*See id.* at 9 ("Claims for trespass to land, trespass to personal property, and conversion have a six[-]year limitation period." (citing ALA. CODE § 6-2-34))).  Plaintiff does, however, reference Alabama Code § 6-2-3, which embodies Alabama's fraudulent tolling doctrine. (*Id.* at 9–10). "Section 6-2-3 supplies an objective test, tolling the statute of limitations on a fraud claim until the aggrieved party discovers or, in the exercise of reasonable care, should have discovered, the facts constituting the fraud." *Potter v. First Real Est. Co.*, 844 So. 2d 540, 545 (Ala. 2002).  Moreover, § 6-2-3 "applies not only to fraud, but also to any cause of action fraudulently concealed." *Ex parte Price*, 244 So. 3d

949, 957 n.2 (Ala. 2017).  A plaintiff with claims that would otherwise be time barred must affirmatively plead facts to show that they are entitled to tolling under § 6-2-3. *See McKenzie v. Janssen Biotech, Inc.*, 295 So. 3d 617, 622 (Ala. 2019) ("When, as in this case, the plaintiff's complaint on its face is barred by the statute of limitations, the complaint must also show that he or she falls within the savings clause of § 6-2-3.  The burden is upon he who claims the benefit of § 6-2-3 to show that he comes within it." (cleaned up)).

Aside from referencing § 6-2-3, however, Plaintiff makes essentially no effort to show that he is entitled to fraudulent tolling. (*See* doc. 11 at 9–11).  He argues that "Defendants have not participated in discovery or otherwise disclosed the identity of all of the tortfeasors" and that Defendants would not be prejudiced by application of the tolling doctrine. (*Id.* at 10).  But that fails to address the touchstone of the inquiry:  Whether he could have or should have discovered the facts constituting the fraud at an earlier date. *Potter*, 844 So. 2d at 545.  In short, Plaintiff has not properly asserted an argument that fraudulent tolling should apply to his § 1983 claim, and the Court need not and will not do so for him.[2] *See Ware v. United States*, 154 F.R.D. 291, 293 (M.D. Fla. 1994) ("[T]his Court cannot make Plaintiff's arguments for him."); *see also Sapuppo v. Allstate Floridian*

---

[2] The Court does note that Count Three of Plaintiff's complaint—"fraud misrepresentation"—alleges that Defendants misrepresented that Plaintiff's "property was fit to be condemned" and "promised to compensate [him] for the loss of said property." (Doc. 1-1 at 12, paras. 33–34).  Even if Plaintiff had identified this allegation in his response to Defendants' motion—which he did not—it would not support fraudulent concealment tolling of his § 1983 claim, which is predicated on a lack of *pre-deprivation* notice. (*See id.* at 10, paras. 16–17; *id.* at 18–19, paras. 74–77).  Accordingly, any misrepresentations made by Defendants *after* their alleged deprivation of Plaintiff's property would not have prevented him from discovering the facts underlying his § 1983 claim.

*Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority.").[3]

Because Plaintiff has not shown that he is entitled to fraudulent tolling, his procedural due process claim is due to be dismissed as time barred.[4]

## B.    Supplemental Jurisdiction

Under 28 U.S.C. § 1367(c), a district court has discretion to "decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction."   Because the Court has determined that Plaintiff's § 1983 claim—the only claim over which the Court has original jurisdiction—is due to be dismissed with prejudice, the Court declines to continue to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. *See Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) ("A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary.").   Indeed, the Eleventh Circuit has affirmatively counseled district courts to decline to exercise supplemental jurisdiction in such situations. *See Silas v. Sheriff of Broward Cnty.*, 55 F.4th 863, 866 (11th Cir. 2022) ("Although the

---

[3] District courts routinely apply the Eleventh Circuit's caselaw regarding whether an issue has been waived on appeal when deciding if an issue has been waived before the district court. *See, e.g.*, *Williams v. City of Daytona Beach*, 2025 WL 2230053, at *3 (M.D. Fla. 2025) ("Because Plaintiff fails to develop this argument with 'supporting arguments and authority,' she has abandoned it." (quoting *Sapuppo*, 739 F.3d at 681)).

[4] To the extent Plaintiff intended to assert a *substantive* due process violation, that claim would also have accrued on February 19, 2022, and thus would also be time barred. *See McGroarty*, 977 F.3d at 1309.

district court has discretion, concerns of federalism—namely, of federal courts of limited jurisdiction weighing in on state law—counsel in favor of dismissing state[ ]law claims after the federal claims are dismissed."); *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004) ("We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial.").  But because this case was removed from state court, the Court will remand, rather than dismiss, the state law claims. *Myers v. Cent. Fla. Invs.*, 592 F.3d 1201, 1226 (11th Cir. 2010) ("[F]ederal district courts in removal cases must remand, rather than dismiss, state law claims over which they decline to exercise supplemental jurisdiction[] . . . ." (citations omitted)).

## V.  CONCLUSION

For the reasons stated, and for good cause, it is

ORDERED as follows:

1.     Defendants' motion to dismiss (doc. 2) is GRANTED in part and DENIED in part.

2.     Count Thirteen is DISMISSED with prejudice.

3.     A separate final judgment as to Count Thirteen will be entered.

4.     Counts One through Twelve are REMANDED to the Circuit Court of Chambers County, Alabama.  The Clerk of the Court is DIRECTED to take all steps necessary to effectuate the remand to the Circuit Court of Chambers County, Alabama.

DONE this 16th day of March, 2026.

_____/s/ Emily C. Marks_____
EMILY C. MARKS
UNITED STATES DISTRICT JUDGE

8